**UNITED STATES of America,
Appellee,**

v.

**John MURTARI, Defendant–Appellant.**

**No. 03–1619.**

United States Court of Appeals,
Second Circuit.

Dec. 22, 2004.

Craig P. Schlanger, Syracuse, NY, for Appellee.

Elizabeth S. Riker, Deputy Appellate Chief for the Northern District of New York, for Appellant.

Present: KATZMANN, RAGGI, Circuit Judges.[1]

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the District Court's order be **AFFIRMED.**

Defendant-appellant John Murtari appeals from the district court's memorandum-decision and order of August 8, 2003 affirming Magistrate Judge DiBianco's (1) October 29, 2002 judgment of conviction and (2) December 13, 2002 order ("December 13, 2002 order") prohibiting Murtari from marching, picketing, protesting, or demonstrating inside the Federal Building in Syracuse, New York ("Federal Building") without prior written permission of the Government Services Administration in the form of a permit for the private use of federal property and prohibiting Murtari from visiting the offices of United States Senators Schumer and Clinton in the Federal Building without prior approval. We assume the parties' familiarity with the underlying facts, procedural history and specification of appellate issues and hold as follows.

Murtari's convictions for trespass and disorderly conduct stem from his attempts to persuade his United States Senators to meet with his organization, Akids-Right.Org, to discuss family law reform on a national level. As Murtari was charged with misdemeanors only, the case was tried by Magistrate Judge DiBianco. After entering the judgment of conviction, Magistrate Judge DiBianco sentenced Murtari to ten days incarceration and Murtari served the sentence. Murtari appealed his judgment of conviction and the December 13, 2002 order to the United States District Court, Northern District of New York (Mordue, J.). Judge Mordue affirmed both the judgment of conviction and the December 13, 2002 order by memorandum-decision and order. This appeal followed.

■ Murtari claims that the evidence with respect to his trespass and disorderly conduct convictions was insufficient. An appellant "bears a heavy burden" in challenging the sufficiency of the evidence. *United States v. Diaz*, 176 F.3d 52, 89 (2d Cir.1999). Although the sufficiency of the evidence is reviewed de novo, the Court views the evidence in the light most favorable to the government and draws all inferences in favor of the government. *United States v. Szur*, 289 F.3d 200, 220 (2d Cir.2002). The conviction must be affirmed if *"any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original); *see United States v. Amiel*, 95 F.3d 135, 142–43 (2d Cir.1996). We have reviewed the record and relevant case law and hold that a rational trier of fact could have found beyond a reasonable doubt that Murtari committed trespass on July 29, 2002 because he defied a lawful order not to remain in the Federal Building in violation of N.Y. Penal Law § 140.05. *See* N.Y. Penal Law § 140.00(5). The July 29, 2002 order that directed Murtari to leave the

1. Judge Rosemary S. Pooler, who was originally a member of the panel, recused herself subsequent to oral argument. The appeal is being decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. R. § 0.14(b); *Murray v. NBC*, 35 F.3d 45, 46–47 (2d Cir.1994).

Federal Building was lawful because it was viewpoint neutral and because it was premised on a reasonable determination that Murtari violated a Federal Building regulation. We also hold that a rational trier of fact could have found beyond a reasonable doubt that Murtari was guilty of disorderly conduct because "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof," Murtari "congregate[d] with other persons in a public place and refuse[d] to comply with a lawful order ... to disperse." N.Y. Penal Law § 240.20(6).

■ Murtari also advances First Amendment arguments on appeal. Murtari claims that his convictions for trespass and disorderly conduct were erroneous because his activities in the Federal Building were protected by the First Amendment. Because the corridors of the Federal Building are a nonpublic forum, the government can restrict First Amendment activity as long as the restrictions are "viewpoint neutral" and "reasonable in light of the purpose served by the forum." *Cornelius v. NAACP Legal Def. and Educ. Fund, Inc.*, 473 U.S. 788, 806, 105 S.Ct. 3439, 87 L.Ed.2d 567 (1985). "In addition to time, place, or manner regulations, the State may reserve [a nonpublic forum] for its intended purposes, communicative or otherwise, as long as the regulation on speech is reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 46, 103 S.Ct. 948, 74 L.Ed.2d 794 (1983). We hold that the use restrictions here at issue were viewpoint neutral and reasonable in light of the purposes served by the Federal Building.

■ Murtari also claims that the December 13, 2002 order prohibiting him from engaging in certain conduct in the Federal Building was an unconstitutional prior restraint on speech. Prior restraints are permitted in nonpublic forums "as long as they [are] reasonable and viewpoint-neutral." *Perry v. McDonald*, 280 F.3d 159, 171 (2d Cir.2001). The government can restrict access based on "speaker identity" as long as "the distinctions drawn are reasonable in light of the purpose served by the forum and are viewpoint neutral." *Cornelius*, 473 U.S. at 806. We hold that the December 13, 2002 order is viewpoint neutral and is reasonable given Murtari's previous actions in the Federal Building, his avowed unwillingness to abide by the aforementioned lawful restrictions on his use of the Federal Building resulting in further arrests after the one here at issue, and the existence of alternative channels for Murtari to convey his message.

We therefore affirm the judgment of the district court.